**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Hartzell Ray Foster,**
**Petitioner Below, Petitioner**

**vs.) No. 21-0264** (Barbour County 20-C-8)

**Donnie Ames, Superintendent, Mt. Olive**
**Correctional Complex,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Self-represented petitioner Hartzell Ray Foster appeals the March 19, 2021, order of the Circuit Court of Barbour County denying his sixth petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Patrick Morrisey and Andrea Nease Proper, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 28, 1978, petitioner killed a woman in connection with "a cocaine deal that had gone sour." *State v. Foster* ("*Foster I*"), 171 W. Va. 479, 480, 300 S.E.2d 291, 292 (1983). Petitioner asserted that he acted in self-defense, and, on appeal in *Foster I*, we found that the circuit court's circumscription of the defense's impeachment of the State's star witness denied petitioner a fair trial. *Id.* at 480, 300 S.E.2d at 292. Accordingly, we reversed petitioner's first-degree murder conviction and remanded the case for a new trial. *Id.* at 483, 300 S.E.2d at 295. Upon retrial, petitioner was again convicted of first-degree murder and was sentenced to a life term of incarceration without the possibility of parole. Following petitioner's second conviction and sentencing, this Court refused his appeal by order entered on May 14, 1985.

1

Subsequently, petitioner filed five separate petitions for a writ of habeas corpus in the Circuit Court of Barbour County prior to the filing of his instant petition. In *Foster v. Ballard* ("*Foster II*"), No. 16-1000, 2017 WL 4570571 (W. Va. Oct. 13, 2017) (memorandum decision), this Court affirmed the circuit court's denial of the fifth petition, finding that "[t]he record is replete with findings from all of petitioner's habeas proceedings that are sufficient to explain why his grounds for relief are without merit." *Id.* at *4. As noted in *Foster II*, in petitioner's previous habeas proceedings, he alleged that, after this Court's remand of the case in *Foster I*, trial counsel was ineffective in not accepting a purported offer by the State to allow petitioner to plead guilty to second-degree murder. *Id.* at *1-3. To support his claim, petitioner submitted an affidavit in which trial counsel affirmed that petitioner advised him that he would plead guilty to second-degree murder if such an offer was the best offer petitioner could obtain. While trial counsel's affidavit was unsigned and non-notarized, the circuit court considered petitioner's claim, finding that petitioner's desire for "the best plea bargain that could be obtained" prevented the parties from reaching a plea agreement. The circuit court found either that there was never a "valid plea offer" (due to a lack of agreement as to whether second-degree murder was the best offer petitioner could obtain) or that, even if the State made such an offer, trial counsel had no authority to accept it "without first conferring with [petitioner]" prior to the State's withdrawal of the offer. *Id.*

On March 19, 2021, petitioner filed the instant habeas petition in the circuit court. In the instant petition, petitioner alleged that, while he submitted trial counsel's affidavit with his first petition in 1990, trial counsel finally provided a signed and notarized copy of the affidavit on November 28, 2017, approximately a month and a half following our decision in *Foster II*.[1] Petitioner argued that the signed and notarized copy of the affidavit constituted newly-discovered evidence that trial counsel was ineffective in not accepting the State's purported offer. In rejecting petitioner's argument, the circuit court found that, notwithstanding the fact that an unsigned and non-notarized copy of trial counsel's affidavit was previously submitted, petitioner's ineffective assistance claim was "finally adjudicated" in his prior habeas proceedings. Accordingly, the circuit court denied petitioner's instant habeas petition.

Petitioner now appeals the circuit court's March 19, 2021, order denying his instant habeas petition. This Court reviews a circuit court's order denying a habeas petition under the following standards:

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

---

[1] In petitioner's instant habeas petition, he asserted—in a single sentence—that, with appointment of habeas counsel, he could discover "other grounds for relief." In *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), this Court found that the assertion of grounds for relief "without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing." *Id.* at 771, 277 S.E.2d at 612. Therefore, we find that the circuit court properly declined to address unspecified grounds due to a lack of detailed factual allegations.

2

. . . .

    "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pts. 1 and 3, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

Because we have before us the denial of petitioner's *sixth* habeas petition, we first consider the application of Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981):

    A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

On appeal, petitioner argues that the instant petition is permitted pursuant to the first *Losh* exception. Petitioner acknowledges that our finding in *Foster II* provides that

    [c]ontrary to petitioner's contention, the circuit court found that petitioner's habeas [counsel] "specifically requested an evidentiary hearing to more fully develop the facts," but that the decision to hold a hearing was the court's to make and the court determined that it was satisfied that petitioner was entitled to no relief. The circuit court's finding in [petitioner's third habeas proceeding] is supported by earlier findings made in [the second habeas proceeding]. In the [second habeas] proceeding, the circuit court found that there was "no need for oral arguments or [an] evidentiary hearing" and noted that it had reviewed "the transcripts of all pre-trial proceedings, the transcript of [petitioner's second] trial, the transcript of the post-trial proceedings, and all subsequent matters filed including the 1990 [p]etition for [h]abeas [c]orpus relief in [petitioner's first habeas proceeding]." Accordingly, given the circuit court's findings that no evidentiary hearing was necessary and that the record in [the second habeas proceeding] was fully developed, we find that petitioner's [second] habeas proceeding . . . constituted an omnibus proceeding that triggers the application of the doctrine of res judicata to bar subsequent, successive petitions subject to the exceptions set forth in syllabus point 4 of *Losh*.

2017 WL 4570571, at *4.

    Respondent argues that, while petitioner states that he is relying upon the first *Losh* exception, he failed to raise ineffective assistance of habeas counsel in the instant petition. "This

3

Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance." Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958). Based upon our review of the instant petition, we find that the *Losh* exception petitioner argued before the circuit court was newly-discovered evidence—not ineffective assistance of habeas counsel. Accordingly, pursuant to Syllabus Point 2 of *Sands*, we address only whether the second *Losh* exception allowed petitioner to file the instant petition notwithstanding the doctrine of res judicata.[2]

The test for evaluating newly-discovered evidence is set forth in the Syllabus of *State v. Frazier*, 162 W. Va. 935, 253 S.E.2d 534 (1979), in which this Court held that

> "[a] new trial will not be granted on the ground of newly-discovered evidence unless the case comes within the following rules: (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side." Syllabus Point 1, *Halstead v. Horton*, 38 W.Va. 727, 18 S.E. 953 (1894)[, *overruled on other grounds*, *State v. Bragg*, 140 W. Va. 585, 87 S.E.2d 689 (1955)].

Petitioner argued in the instant petition that the circuit court denied relief in his prior habeas proceedings because it found trial counsel's affidavit unreliable. According to petitioner, now that trial counsel has finally provided a signed and notarized copy, the affidavit is reliable and would produce a different result than those in his previous habeas proceedings.

Petitioner's argument is contrary to our finding in *Foster II*. In *Foster II*, we found that the circuit court's previous denials of habeas relief were based upon its determination that the allegations in trial counsel's affidavit, even if reliable, were insufficient to support a finding that trial counsel was ineffective in not accepting a purported plea offer. 2017 WL 4570571, at *1-3. Thus, in the instant case, the now-signed and notarized affidavit did not constitute newly-discovered evidence pursuant to *Frazier* because trial counsel's affirmation—that petitioner advised him that he would plead guilty to second-degree murder if such an offer was the best offer petitioner could obtain—was consistent with the circuit court's prior determination that petitioner's desire for a more advantageous plea offer prevented the parties from reaching a plea agreement. Therefore, we find that the circuit court properly rejected the claim that petitioner is entitled to habeas relief based upon newly-discovered evidence. Accordingly, we conclude that

---

[2]Petitioner did not raise the third *Losh* exception—a change in the law, favorable to the applicant, which may be applied retroactively—either before the circuit court or in this appeal.

4

the circuit court did not abuse its discretion in denying petitioner's instant habeas petition.

For the foregoing reasons, we affirm the circuit court's March 19, 2021, order denying petitioner's sixth petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** February 1, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton